NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5219-14T1

MONMOUTH COUNTY,

 Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,
and AUDREY K. DUNWOODY,

 Respondents.
___________________________

 Submitted February 27, 2017 – Decided March 9, 2017

 Before Judges Sabatino and Haas.

 On appeal from the Board of Review, Department
 of Labor and Workforce Development, Docket No.
 32895.

 Gluck Walrath, LLP, attorneys for appellant
 (Andrew Bayer, of counsel and on the brief;
 C. Lynn Centonze, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review and
 Workforce Development (Melissa H. Raksa,
 Assistant Attorney General, of counsel;
 Elizabeth A. Davies, Deputy Attorney General,
 on the brief).
 Respondent Audrey K. Dunwoody has not filed a
 brief.

PER CURIAM

 Appellant County of Monmouth ("the County") appeals from the

June 12, 2015 final decision of the Board of Review, Department

of Labor and Workforce Development ("Board"), affirming the Appeal

Tribunal's October 20, 2014 determination that respondent Audrey

Dunwoody was eligible for unemployment compensation benefits.

After reviewing the record before us, and mindful of the prevailing

legal standards, we reverse and remand for a new hearing before

the Appeal Tribunal.

 We derive the following facts from the record. Respondent

worked as a certified nurse's aide in a County-operated nursing

home. Approximately one month after she began work in March 2013,

respondent claimed she injured her knee on the job and she filed

a worker's compensation claim. Respondent continued to work until

August 2013, when she informed her supervisor that she could no

longer work due to her injury. Thereafter, respondent did not

return to work.

 In December 2013, the County asserted that it sent respondent

a copy of a letter denying her worker's compensation claim,

together with information on how to request a leave of absence.

When respondent did not respond, the County initiated proceedings

 2 A-5219-14T1
to remove her from employment based on her abandonment of her

position. However, respondent appeared at the departmental

hearing in January 2014 and claimed that she had never received

the information from the County. The County alleged that it then

gave respondent another copy of the leave request form, but she

failed to complete and return it with the required medical

documentation supporting her claim that she could not work for the

period between September 2013 and January 2014. On April 3, 2014,

the County terminated respondent's employment for abandoning her

job.

 Respondent filed a claim for unemployment compensation

benefits. On August 28, 2014, a Deputy Claims Examiner ("Deputy")

found that respondent left work voluntarily without good cause

attributable to the work, and denied her claim. Respondent filed

an appeal to the Appeal Tribunal from this determination and the

hearing examiner scheduled a telephone hearing for October 16,

2014.

 The County had previously retained a private company to

represent it in unemployment compensation matters. The

representative from the company arranged for three witnesses from

the County to testify at the Appeal Tribunal hearing in opposition

to respondent's application for benefits. As instructed by the

notice of hearing, the representative and the three witnesses

 3 A-5219-14T1
called the hearing examiner at the appointed time to participate

in the hearing. At that time, however, they were told to hang up

and wait for a call back from the hearing examiner.

 Later that morning, the hearing examiner called the County's

representative to begin setting up the conference call. However,

when the examiner called the County's first witness, a different

County employee answered the telephone and told the examiner that

the witness was "in a meeting with the Department of Health." The

representative asked the examiner to call the same telephone number

and ask for the second witness. The examiner did so and was again

mistakenly advised that this witness was also not available.

 At that point, the County representative told the hearing

examiner, "Sorry sir. I guess, we'll have to reopen it in the

event that it's necessary." The examiner replied, "All right,

thank you." The representative stated, "Have a good day"; the

examiner replied, "You too"; and the representative said goodbye.

 The hearing examiner then called respondent and conducted the

telephone hearing without the County's representative or its three

witnesses. The examiner told respondent that the representative

and the three witnesses "did report for the hearing," but the

witnesses were not available when he called them back. The

examiner stated:

 4 A-5219-14T1
 So, the [County] was unable to participate at
 the time of the hearing. I don't . . . the
 representative disconnected proceeding at
 that point, and as this is a claimant appeal
 we are going to proceed with the hearing
 today, and as I don't have any request for
 postponement or . . . on . . . on this matter.
 [(alterations in original).]

 At the hearing that followed, respondent asserted that she

was unable to work because of a medical condition and that her

doctor had told her she should stay off her leg and rest.

Respondent also claimed that she never received any of the forms

the County sent her because the County did not use her correct

address.

 On October 20, 2014, the Appeal Tribunal hearing examiner

issued a decision reversing the Deputy's determination. Based

upon respondent's uncontradicted testimony, the examiner found

that respondent was absent from work due to "a medical condition"

and that respondent "made a reasonable effort to preserve her

employment, but was terminated nonetheless." Therefore, the

examiner concluded that because respondent did not leave work

voluntarily, she was eligible for unemployment benefits.

 On October 24, 2014, the County's representative filed a

timely appeal of the Appeal Tribunal's decision to the Board. In

the letter requesting the appeal, the representative asked for

"permission to present written argument (a brief) to the Board

 5 A-5219-14T1
. . . and also request[ed] that a copy of the transcript" of the

Appeal Tribunal hearing. The representative asked the Board to

"refrain from making a decision until we submit our written

argument."

 On appeal, the County alleges that it never heard back from

the Board and, therefore, it never filed a brief in support of its

appeal. However, the Board asserts that it sent a responsive

letter to the County's representative on November 18, 2014, which

included a recording of the Appeal Tribunal hearing on a compact

disc. The letter, which was signed by a secretarial assistant,

also stated that the County had to submit any "written argument"

within fourteen days of the mailing date of the letter.

 Notably, this letter was not on official Board letterhead.

The County asserts that it never received this letter and could

not locate a copy of it in its files after the Board attached it

to its appellate brief as a result of the Board's successful motion

to supplement the record on appeal.

 Seven months later, the Board issued a one-page final

decision, affirming the Appeal Tribunal's determination. The

Board stated that "[s]ince [the County] was given a full and

impartial hearing and a complete opportunity to offer any and all

evidence, there is no valid ground for a further hearing." This

appeal followed.

 6 A-5219-14T1
 On appeal, the County asserts that the Appeal Tribunal erred

by failing to adjourn the hearing when its witnesses could not be

contacted, and that it should have reopened the hearing as

requested by the County's representative. It also argues that

there is no basis in the record to support the Board's finding

that the County "was given a full and impartial hearing and a

complete opportunity to offer any and all evidence[.]" Based upon

the unique circumstances of this case, we agree with the County's

contention.

 We begin by recognizing that our review of an administrative

agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197,

210 (1997). "Unless . . . the agency's action was arbitrary,

capricious, or unreasonable, the agency's ruling should not be

disturbed." Ibid.

 At the same time, however, the procedures used by the agency

to arrive at its final decision must be fair to both parties.

Garzon v. Bd. of Review, 370 N.J. Super. 1, 9 (App. Div. 2004)

(observing due process "calls for those procedural protections

that fairness demands"). Thus, N.J.A.C. 1:12-14.2(a) specifically

requires that hearings before the Appeal Tribunal and Board of

Review "shall be fair and impartial and shall be conducted in such

manner as may be best suited to determine the parties' rights."

 7 A-5219-14T1
 We are not satisfied that this standard was met in this case.

Here, the County representative and three witnesses called in at

the appointed time for the Appeal Tribunal hearing. However, the

representative and the witnesses were told to hang up and wait for

a call back from the hearing examiner. The examiner later re-

connected with the representative but could not get back in touch

with the witnesses after a County employee mistakenly told him

that the witnesses were in a meeting.

 At that point, the hearing examiner knew that the County had

already indicated its strong interest in participating in the

hearing by calling at the appointed time with all of its witnesses

ready and available. The examiner was also aware that something

unforeseen had happened that prevented him from re-connecting with

the witnesses.1 Thus, a more prudent course of action would have

been to give the County representative some time to call the County

and obtain an explanation for the misunderstanding. After all,

the examiner did not even have respondent on the conference call

at that point. However, the examiner did not make this offer to

the representative.

1
 Indeed, when the County employee who answered the telephone told
the hearing examiner that the first witness was in a meeting with
the Department of Health, the examiner stated, "I wonder . . . if
it was something that they got surprised with."

 8 A-5219-14T1
 Moreover, when the County representative stated, "I guess,

we'll have to reopen it in the event that it's necessary[,]" the

hearing examiner did not ask if the representative was requesting

an adjournment. The examiner also did not tell the representative

that in the absence of such a request, he planned to call

respondent and conduct the hearing without the County's witnesses

as soon as the representative hung up.

 The Board's regulations concerning the conduct of telephone

hearings specifically contemplate that there will be instances

when a party does not appear at a telephone hearing for reasons

other than inadvertence or neglect. In this regard, N.J.A.C.

1:12-14.6(b) states that "[a]ny party who fails to appear at the

scheduled telephone hearing shall meet the requirements of

N.J.A.C. 1:12-18.4 before any reopening of the hearing shall be

granted." N.J.A.C. 1:12-18.4(a)(2) provides that a request to

reopen a hearing may be filed if "[t]he party did not appear at

the Appeal Tribunal for good cause shown[.]"

 Under the idiosyncratic facts of this case, we believe the

County established good cause to warrant a reopening of the Appeal

Tribunal hearing. As discussed above, the County's representative

and witnesses called the Appeal Tribunal at the appointed time and

were ready to proceed. They were instructed to hang up and wait

for a call back from the hearing examiner. As the result of a

 9 A-5219-14T1
mistake by the employee who answered that call, the examiner was

told the witnesses were not available. Under these uncommon

circumstances, basic fairness requires that the County be given

the opportunity to present its factual and legal arguments to the

Appeal Tribunal at a new hearing at which respondent may also

participate.2

 Accordingly, we reverse the Board's June 12, 2015 decision

and remand to the Appeal Tribunal for a new hearing. In doing so,

we intimate no view on respondent's substantive claim for benefits

or the County's arguments in opposition to that claim, as those

matters will be the subject of our remand.

 Reversed and remanded. We do not retain jurisdiction.

2
 We again note that the County contends on appeal that the Board
never responded to its letter asking for permission to file a
brief in support of its appeal of the Appeal Tribunal's decision
granting unemployment benefits to respondent. The Board disputes
this allegation. However, in light of our determination that a
new hearing is required, we need not address this contention
further.

 10 A-5219-14T1